No. 300        April 8, 2026        475

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RONALD MARCUS LEISTIKO,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
18CV38124; A182907

Jenefer Stenzel Grant, Senior Judge.

Submitted March 4, 2026.

Jedediah Peterson and Equal Justice Law filed the brief for appellant. Ronald M. Leistiko filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Petitioner was tried in 2008 and partially retried in 2014 for crimes against three victims, and he pleaded guilty in 2008 to crimes against a fourth victim. The end result was that petitioner was convicted of 15 counts and acquitted on four counts. Once his convictions were final, petitioner sought post-conviction relief, raising 44 claims. The post-conviction court granted relief in part, reversing five convictions because they were entered on nonunanimous jury verdicts.[1] Petitioner appeals the denial of relief on certain other of his post-conviction claims, as relevant to his remaining convictions. As explained below, we affirm.

*Assistance of counsel.* In four counseled assignments of error, petitioner argues that the post-conviction court erred in denying relief on several post-conviction claims alleging that trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to object to various statements that the prosecutor made in closing arguments at the 2008 and 2014 trials. The post-conviction court ruled that none of the identified statements were improper and that petitioner therefore failed to prove deficient performance. The superintendent maintains that the post-conviction court correctly denied relief.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional

---

[1] Petitioner was charged with 19 counts. In 2008, he pleaded guilty to Counts 18 and 19; was acquitted of Counts 9, 11, 15, and 17; and was found guilty of the remaining 13 counts. Two convictions were reversed on direct appeal, resulting in a 2014 retrial, in which he was again found guilty on those two counts. At that point, petitioner had a total of 15 convictions, two based on guilty pleas and 13 based on jury verdicts. The post-conviction court reversed five of those convictions, specifically the 2008 convictions on Counts 3, 6, 12, and 13 and the 2014 conviction on renumbered Count 2 (fka Count 8).

skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id*.

In this case, having considered the parties' arguments, we conclude that the post-conviction court did not err in denying relief on the claims relating to trial counsel not objecting to statements made in closing arguments in 2008 and 2014. We agree with the post-conviction court that the statements at issue were not improper, such that trial counsel not objecting to them cannot constitute deficient performance. Because the performance issue is dispositive, we need not address prejudice.

*Brady claims*. In two supplemental *pro se* assignments of error, petitioner contends that the post-conviction court erred in denying relief on his claims alleging *Brady* violations. *See Brady v. Maryland*, 373 US 83, 87, 83 S Ct 1194, 10 L Ed 2d 215 (1963) (a prosecutor's withholding of favorable evidence from a criminal defendant "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). The court denied relief on those claims on the basis that petitioner had not shown a *Brady* violation. We agree with the superintendent that petitioner's *Brady* claims are speculative and unsupported by the record and that the post-conviction court did not err in denying relief on those claims.

Affirmed.